BEFORE THE THIRD DIVISION, MAY 3, 1965

No. 69286.—Sperling & Schwartz, Inc. v. United States, protest 62/9321 (Tampa).

DONLON, Judge: This is a protest against the collector's assessment of duty on merchandise described on the invoice as "Fruit Nappies" at 40 per centum ad valorem and 10 cents per dozen pieces under paragraph 211 of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, effective September 10, 1955, T.D. 53877, as earthenware tableware, not plates, cups, or saucers. It is claimed that said merchandise is properly dutiable at 20 per centum ad valorem

and 10 cents per dozen pieces, under said paragraph 211, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, or by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, effective November 17, 1951, T.D. 52857, as earthenware saucers.

Counsel have submitted this case on a stipulation reading as follows:

IT IS STIPULATED AND AGREED BETWEEN COUNSEL, in the matter of the above protest, that the merchandise described on the invoice as "Fruit Nappies," which was assessed with duty at 10 cents per dozen pieces and 40% ad valorem under Paragraph 211, Tariff Act of 1930, as amended, as Tableware, Other, in fact consists of saucers, not plain, valued above 55 cents per dozen.

That the above protest is limited to the merchandise described as "Fruit Nappies" and that said protest may be deemed to be submitted upon this stipulation.

The stipulation, insofar as it asserts that fruit nappies are saucers, attempts the stipulation of an issue of law, which is not allowable. The issue as to whether the tariff term "saucers" is limited to those used in conjunction with cups, or has a broader connotation, was reviewed by the court in *Copeland & Thompson, Inc.* v. *United States*, 12 Cust. Ct. 85, C.D. 833. While the merchandise there litigated was described as "oatmeals" or "oatmeal saucers," the court in its opinion considered also fruit saucers. In that case, the tariff- term "saucers" was held to include "oatmeals" or "oatmeal saucers." The court quoted from the "Trade Agreement Between the United States and the United Kingdom—Digests of Trade Data with Respect to Products On Which Concessions Were Granted by the United States," volume III—schedule 2—Earths, Earthenware. and Glassware, pages 46, 47, as follows:

Except for the value bracket limitations, no restriction on the types of decorated and colored earthenware plates, cups, and saucers entitled to the reduction in duty was written into the agreement, since it was intended to cover all types of plates, cups, and saucers coming within the descriptive language. A complete list of the different articles would not be practicable, but the more important articles include flat plates, coupe and deep soup plates, cake and compartment plates, tea, coffee, cream soup, bouillon and other cups and saucers, *as well as saucers not used in conjunction with cups, such as fruit and oatmeal saucers.* [Emphasis copied from opinion.]

The court then said:

In the light of the foregoing definitions of "saucer" and the manifest intention of the contracting parties to the trade agreement in question as evidenced by the Tariff Commission summary, *supra*, and especially noting the samples and illustrative exhibits before us, it becomes at once apparent that the principal difference between a saucer, designed to hold a cup of some sort, and a fruit and oatmeal, is in the depth of the dish. Saucers to hold cups, and fruits, have the same or similar diameters as oatmeals, but oatmeals are generally deeper than fruits and the fruits are generally deeper than saucers designed to hold cups. In general appearance the oatmeals and fruits are deep saucers. The report of the Tariff Commission would seem to settle the intention of the parties as to the scope of the term "saucers."

Under this precedent and accepting the stipulation as an agreed statement of fact that these fruit nappies are fruit saucers, we hold that the merchandise described on the invoice as "Fruit Nappies" is properly dutiable at 20 per centum ad valorem and 10 cents per dozen pieces, under paragraph 211 of the Tariff Act of 1930, as modified, as earthenware saucers, valued over 55 cents per dozen.

The protest is sustained and judgment will be entered for the plaintiff.